UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

ERMA PERRY v. WAL-MART STORES, INC.
Case No. 3:08-cv-0263 TMB

THE HONORABLE TIMOTHY M. BURGESS

## ORDER DISMISSING CASE WITH PREJUDICE

As the Court has previously noted in its order at Docket No. 25, Plaintiff Erma Perry filed this lawsuit more than two years ago, but has since done little to advance her case since then. She contends that she was struck by a shopping cart pushed by Defendant Wal-Mart's employee, and has filed suit for negligence (along with various other claims). Since the inception of this case, however, Plaintiff has consistently failed to prosecute the lawsuit, comply with Defendants' discovery requests, or follow the Court's orders. Two years into the action, Plaintiff has not responded to a single discovery request, or even provided Defendant with her initial disclosures.

Based on these delays, the Court thus ordered a status conference on June 26, 2009. However, Plaintiff failed to appear at this conference, and did not submit a follow-up status report as required. Despite being granted several extensions to comply with her discovery deadlines and this Court's orders, Plaintiff has still failed to advance this case beyond its infancy. Thus after two years, Defendant moved to dismiss the case for lack of prosecution. *See* FRCP 41(b).

Plaintiff opposed this request, and, on July 7, 2009, sought another 4 month extension. The Court did not dismiss the case, but also declined to extend the deadlines as Plaintiff had originally requested. Instead, it denied both parties' motions and ordered Plaintiff to give Defendants any outstanding discovery materials by August 14, 2009. At that time, the Court concluded that it would have adequate cause to dismiss the case immediately under FRCP 41(b). However, out of an abundance of caution (and because Plaintiff was *pro se*), the Court granted Plaintiff a final extension until August 14. However, the Court warned Plaintiff that the failure to comply with *any* future deadline or order - including the new August 14 deadline - would be considered cause to immediately dismiss her case with prejudice.[1]

Despite this clear warning, Plaintiff once again failed to meet her deadline. Instead, she

---

[1] *See* Docket. No. 25 ("In light of Plaintiff's repeated failures to comply with her discovery obligations and this Court's orders, Plaintiff is advised that the failure to comply with *any* future deadline or Court order will be considered cause for the immediate dismissal of the case, with prejudice.")(emphasis in original).

now asks the Court to dismiss her case without prejudice. In this motion, Plaintiff has included a letter from a D.O. stating that Plaintiff has been medically incapacitated since March 2009, and that this incapacitation "may continue indefinitely." Defendant only partially opposes the motion: it agrees that the case should be dismissed, but asks that the Court do so with prejudice.

When deciding whether to dismiss a case for lack of prosecution under FRCP 41(b), courts consider a number of factors including (1) the court's need to manage its docket; (2) the public interest in expeditious resolution of litigation; (3) the risk of prejudice to defendants from delay; (4) warnings to the plaintiff (or lack thereof); (5) the policy favoring disposition of cases on their merits; and (6) the availability of lesser sanctions. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Here, these factors greatly favor dismissal. This case has languished on the Court's docket for more than two years, and required constant intervention (via both hearings and orders) to encourage Plaintiff to advance her case. Despite these orders, Plaintiff still has not complied with her discovery requirements or the Court's orders. The case has thus impacted the Court's docket without making any progress in return. This delay affects the public as well: the Court must spend time trying to advance this case instead of timely resolving other litigants' disputes on the merits.

Defendant is also prejudiced by this delay: it lives under the constant threat of litigation with no legitimate opportunity to resolve the dispute. The longer this case continues, the harder it will be for Defendant to properly defend itself; potential witnesses may move away, or find that their memories of the event have faded. Indeed, some of Plaintiff's claims are already now beyond their statute of limitations - and have reached this point without even the initial disclosures being filed. It is unreasonable for Defendant to be forced into a state of legal limbo; it is entitled to have any allegations against it timely adjudicated.[2]

Courts generally prefer to dispose of a case on the merits. However, the Court has little reason to believe that the case will reach this stage. Plaintiff has repeatedly failed to heed the Court's orders or comply with her discovery obligations.[3] These actions are not an isolated incident, and Plaintiff has had similar difficulties meeting deadlines in other cases.[4] In light of Plaintiff's previous litigation history and the record in this case, the Court has no reason to

---

[2] Although Rule 41(b) allows a court to dismiss the case based on a defendant's motion, a court also has the power to dismiss a case *sua sponte* without notice or hearing. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-632 (1962). A defendant's noticed motion is considered adequate notice; here Plaintiff has been warned of this potential sanction by both the defendant's motion and this Court's prior orders.

[3] Even discovery delays and pretrial conference delays, standing alone, are sufficient to permit dismissal. *See California Molasses Co. v. C. Brewer & Co.*, 479 F.2d 60, 61 (9th Cir. 1973)(discovery delays); *Kung v. FOM Investment Co.*, 563 F.2d 1316, 1318 (9th Cir. 1977)(pretrial conference delays).

[4] *See Docket No. 21*, Exs. G and H.

believe that this behavior will change.[5] Indeed, her most recent motion to dismiss includes a letter from a D.O. who states that she believes Plaintiff may be medically unable to prosecute this case "indefinitely."[6] This only underscores the Court's concern that any lesser sanctions would be ineffective, and that a dismissal without prejudice would leave Defendant with the constant threat of future litigation - and no way to fairly and timely eliminate that burden.

      The Court is sympathetic to Plaintiff's medical concerns. However, Defendant has a legitimate interest in timely resolving any claims against it. Plaintiff has had more than two years to advance this case, but has made no legitimate effort to do so despite several extensions and repeated warnings from the Court. She has failed to accept her discovery obligations, failed to comply with deadlines,[7] and failed to follow the Court's orders. In light of this record, the Court concludes that this case should be **DISMISSED WITH PREJUDICE.** Plaintiff's Motion to Dismiss Without Prejudice at Docket No. 27 is therefore **DENIED AS MOOT**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 8, 2009

---

    [5]    The length of the delay is a crucial consideration, and courts are much more likely to dismiss older cases than new ones. *See. e.g. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-632 (1962); *Medeiros v. United States*, 621 F.2d 468, 469-70 (1st Cir. 1980 (inactivity for 24 months justified dismissal). Here, the case has failed to advance for more than 2 years. Despite the Court's repeated attempts to advance this case, Plaintiff has failed to follow her obligations. And because Plaintiff is proceeding *pro se*, this delay cannot be attributed to any other party or counsel.

    [6]    *See Pl.'s Mot, Ex. 1* (Docket No. 27). Although Plaintiff claims that she has been medically incapacitated since May 2009, Defendant has included an affidavit stating that when Plaintiff visited their office on July 6, 2009 (to obtain the signature confirming that she had personally served the opposition), she "appeared well groomed, in good health and no acute distress, and was standing, having casual conversation with our receptionist about the summer weather, and did not appear to have any serious health issues."

    [7]    Based on the record, the Court also concludes, in the alternative, that dismissal would also be an appropriate discovery sanction under FRCP 37.